## Daniel E. McCarthy *vs.* McCarthy Freight System, Inc.

### February 20, 1941.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an action of trespass on the case for negligence, to recover for the destruction of a motor truck belonging to the plaintiff; and it is now before us on his exception to a decision of a justice of the superior court sustaining the defendant's demurrer to the declaration.

This declaration is in one count, in which the cause of action is set forth as follows: "For that, whereas, on to wit, the 7th day of October, 1939, the said defendant was in control and possession of a certain building located on Allens Avenue in the City of Providence, used by it in its business as a terminal to which motor truck operators were invited to take on, exchange or unload cargo. And on the day and date aforesaid, the plaintiff was engaged in the general trucking business and was the owner of a certain motor truck which was within the said terminal on the invitation of the defendant, to unload, exchange and take on cargo; and it then and there became the duty of said defendant, by its servants and agents, to use reasonable care in its operation of said terminal so that the motor truck of the plaintiff would not be damaged or destroyed. Yet, the said defendant, by its servants and agents, did not regard its duty to the said plaintiff, but so negligently and carelessly used within the building an acetylene torch, which was under the sole control of the defendant, its servants and agents, and the plaintiff has no knowledge or means of knowledge of the facts connected with the use of said acetylene torch, that a fire was created in the early hours of October 7, 1939, whereby the building and contents thereof were destroyed, the plaintiff being all the while in the exercise of due care. Wherefore, by reason of the premises, the motor truck of the plaintiff was totally destroyed."

The only grounds upon which the demurrer was sustained in the superior court, and upon which the defendant now relies, are as follows: "That the declaration does not con-

tain or allege sufficient facts to show a breach of any duty defendant may have owed to the plaintiff. That the allegations of negligence are too general, indefinite and insufficient to inform the defendant of what it must defend. That the declaration does not allege sufficient facts to show negligence on the part of the defendant toward the property of the plaintiff."

These grounds raise substantially the same question, *viz.*, whether the declaration contains sufficient allegations with reference to negligence by the defendant. The decision in the superior court that it does not was based almost entirely, if not entirely, on the authority of the opinion of this court in *Ferra* v. *United Electric Rys. Co.*, 52 R. I. 7. In that case the plaintiff, while riding upon a truck, to the rear of the driver, was injured in a collision between this truck, as it was moving along one street, and a trolley car, owned and operated by the defendant and moving along an intersecting street.

In the declaration the only allegation as to negligence on the part of the defendant was that its servant so negligently operated its trolley car as to cause it to collide with the truck upon which the plaintiff was riding. The defendant filed a demurrer upon the ground that it did not appear in the declaration in what respect the defendant's servant was negligent in operating its trolley car. This demurrer was overruled and the defendant took an exception to this decision.

The case was later tried in the superior court before a jury, which returned a verdict for the plaintiff. A motion by the defendant for a new trial was denied and the case then came before this court on a bill of exceptions by the defendant, in which one of the exceptions, stated in the bill and pressed before this court, was the defendant's exception to the overruling of its demurrer to the declaration.

That exception, among others, was sustained, this court stating, in its opinion, that the testimony produced by the

plaintiff at the trial tended to prove that the negligence relied on by him was the excessive speed at which the defendant's car was operated, as it approached the street upon which the plaintiff's truck was moving and nearing the intersection of the two streets. This court also stated that the plaintiff "knew that the alleged negligence of defendant's servant was the excessive and increasing speed of the trolley car as it approached Raymond Street."

At page 13 of that opinion this court said: "In *Kelly* v. *Davis,* 48 R. I. 94, this court considered the sufficiency of the allegation of negligence in the declaration and held that a general allegation of negligence was not sufficient when the facts could have been ascertained by the plaintiff; that in such a case it must be alleged with reasonable certainty in what respect defendant was negligent as he was entitled to receive fair notice by the declaration of the claim against which he would be required to defend. In *Bennett* v. *Connery Co., Inc.,* 48 R. I. 350, the court said that if the plaintiff was unable to allege the exact cause of the accident or the precise nature of the negligence he should allege his lack of knowledge or means of knowledge."

In view of the facts in the *Ferra* case, *supra,* and the language of the opinion of this court therein, we are convinced that the opinion and decision in that case did not require, or even support the decision of the superior court in the instant case.

There are marked differences between the declarations in the two cases. In the instant case there are allegations to the effect that the defendant maintained a terminal building for motor trucks; that the plaintiff, on the *invitation* of the defendant, had placed his motor truck in that building; and that therefore the defendant was under a duty to the plaintiff to use reasonable care, in the operation of this building, for the protection of the plaintiff's truck, while it was thus in the terminal.

According to these allegations the defendant was under a *special duty* to the plaintiff with respect to the protection of the latter's property. Apparently there were no corresponding allegations in the declaration in the *Ferra* case.

Then follows, in the declaration in the instant case, an allegation of a breach of that duty, by the defendant through its servants and agents, by so negligently using an acetylene torch, which was under their sole control, that they thus caused the building and truck to be destroyed. Thus the negligence by the defendant, which constituted its breach of its special duty to the plaintiff, is set forth much more fully and specifically than the defendant's negligence was set forth in the declaration in the *Ferra* case.

Next, the plaintiff in the instant case sets forth in his declaration that he has no knowledge or means of knowledge of the facts connected with the use of the acetylene torch by the defendant, through its servants and agents. Thus he supplies the very allegations which, according to an inference clearly to be drawn from language of this court in *Kelly* v. *Davis, supra, Bennett* v. *Connery, supra,* and *Ferra* v. *United Electric Rys. Co., supra,* will excuse the plaintiff, in an action of the case for negligence, from specifying in his declaration, with the particularity ordinarily required, the defendant's negligence.

The defendant in the instant case contends that the plaintiff's declaration is based upon the doctrine of *res ipsa loquitur;* that the way in which he alleges negligence on the part of the defendant is only permissible in cases to which that doctrine applies; and that it does not apply to this case.

We agree with the defendant's contention that this doctrine does not apply here, according to the allegations of the declaration. We are, however, of the opinion that the declaration is not based upon that doctrine, and that the rule permitting negligent conduct by the defendant to be alleged

in the way in which the plaintiff has alleged it in the instant case is not confined to *res ipsa loquitur* cases, but applies also to such cases as the instant one.

As supporting the second proposition in the defendant's contention as above set forth, it cites *Cox* v. *Providence Gas Co.,* 17 R. I. 199. There it was alleged in the declaration that the plaintiff, an employee of the defendant, was injured by the explosion of a tank, due to some defect therein or in the approaches thereto or in connection therewith, of which the plaintiff had no knowledge or means of knowledge, but which the defendant well knew or was bound to know and which was caused or occasioned by its negligence.

A demurrer to the declaration was filed on the ground that it did not specify the nature of the defect or of what the defendant's negligence consisted. In its opinion overruling the demurrer, this court discussed cases to which the rule of *res ipsa loquitur* would apply, though it did not use those words, and said that if it is not necessary to prove a *particular* negligent act or omission or a *particular* defect, to which an accident is attributable, it is not necessary to aver it.

But before discussing such cases, it laid down, at page 200, the following general principle: "The rule of certainty in pleading is not too rigid to be reasonable. It was designed to further, not defeat, the ends of justice; and it is elementary that it requires no more particularity than the nature of the thing pleaded admits, and that, when the facts lie more in the knowledge of the opposite party than of the pleader, it allows a good deal of generality." There is nothing in the opinion which, to our minds, shows that this court regarded that general principle as confined to cases of *res ipsa loquitur.*

So also, in *Kelly* v. *Davis, supra,* and *Bennett* v. *Connery, supra,* the liberal rule relied on by the plaintiff in the instant case is laid down without anything in the opinions to indi-

cate that this rule applies only in *res ipsa loquitur* cases. The instant case is not one for the application of that maxim, and we are not holding, in this opinion, that the statement in the plaintiff's declaration "that he has no knowledge or means of knowledge of the facts connected with the use of said acetylene torch" relieves him from the necessity of *proving*, at a trial of the case, negligence by the defendant in the use of such torch and that such negligence was the legal cause of the destruction of the plaintiff's truck by fire.

After a careful consideration of all the allegations quoted, at the beginning of this opinion, from the plaintiff's declaration, we are convinced that they satisfy all the requirements of proper pleading in such a cause of action; and we see no merit in the defendant's contention that the plaintiff could, before filing this declaration, have ascertained the facts as to the manner in which the acetylene torch was used, by means of a bill of discovery. If this contention were sustained, the plaintiff would be required, in such a case as this, to obtain by a separate suit in equity, information *from the defendant,* in order to put into his declaration allegations of facts which the defendant already knew. We know of no authority in support of such a contention.

We are of the opinion that the defendant's demurrer should have been overruled.

The exception of the plaintiff is sustained, and the case is remitted to the superior court for further proceedings.

*Lisker, Sullivan & Lisker,* for plaintiff.

*William H. McSoley, William H. McSoley, Jr.,* for defendant.